DECISION AND JUDGMENT ENTRY
This appeal stems from a judgment of conviction and sentence of the Ottawa County Court of Common Pleas following appellant's guilty plea to robbery, in violation of R.C. 2911.02(A)(3). Appellant now raises the following assignments of error:
 "I. THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM POSSIBLE SENTENCE UPON DEFENDANT-APPELLANT IN THAT IT DID NOT COMPLY WITH THE REQUIREMENTS OF OHIO REVISED CODE SECTIONS 2929.11 ET SEQ
 "II. THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING THE MAXIMUM POSSIBLE SENTENCE UPON DEFENDANT-APPELLANT AS IT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
The record in this case reveals that on November 1, 2000, an information was filed charging that on September 13, 2000, appellant, while committing a theft offense or immediately thereafter, threatened the immediate use of force in violation of R.C. 2911.02(A)(3). On November 6, 2000, appellant entered a guilty plea to the charge and was sentenced to the maximum five-year prison term to be served consecutively to any term presently being served or any future prison term imposed due to appellant's parole violation.
In his first assignment of error, appellant contends that the trial court did not make sufficient findings as required by the felony sentencing statutes in order to impose the maximum sentence. Upon review of the record in this case, we disagree.
The standard of review applicable to this assignment of error is set out in R.C. 2953.08(G)(1). That section provides, in pertinent part:
 "The court hearing an appeal of a sentence under division (A) or (B)(1) or (2) of this section may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
"(a) That the record does not support the sentence;
"* * * .
"(d) That the sentence is otherwise contrary to law."
The primary purpose of the felony sentencing statutes are to "protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). To achieve this purpose a sentence shall not demean the seriousness of an offender's conduct and be consistent with the sentences of offenders who have committed similar crimes. R.C.2929.11(B); see, also, R.C. 2929.13(C).
Pursuant to R.C. 2929.12(A), the trial court has discretion in effectuating the principles and purposes of R.C. 2929.11(A). However, the court is required to consider the factors set forth in R.C. 2929.12(B) and (C), which relate to the seriousness of the conduct, and those factors set forth in R.C. 2929.12(D) and (E), which relate to the likelihood that the offender will commit future crimes.
If a trial court sentences an offender to the maximum sentence for a particular felony it is required to make the finding that the offender committed the worst form of the offense, that he or she posed the greatest likelihood of committing future crimes or that the maximum sentence is required by law. R.C. 2929.14(C). "When a court makes such a finding, R.C. 2929.19(B)(2)(d) also requires that the court state its reasons for imposing the maximum sentence." State v. Walk (Dec. 29, 200), Erie App. No. E-97-079, unreported, citing State v. Edmonson
(1999), 86 Ohio St.3d 324, 328.
The trial court's November 16, 2000 judgment entry states that in sentencing appellant, the court considered the record, oral statements, any victim impact statements and the previous presentence investigation report, "as well as the principles and purposes of sentencing under R.C.2929.11, and has considered the seriousness and recidivism factors under R.C. 2929.12[.]" The court further noted that a prison sentence is consistent with the principles and purposes of R.C. 2929.11.
Prior to imposing the maximum five-year sentence, the trial court, at the sentencing hearing, stated:
 "Now because I have given you the maximum possible prison sentence and because I have also given you consecutive time, I am required to state findings on the record, and all those findings that I have made since the inception of this hearing this morning, I adopt as my findings regarding maximum penalty and consecutive sentences."
Prior to the above comments, the trial court stated that appellant's criminal history consists of nine pages, that following appellant's postconviction release on May 20, 2000, he had been arrested three times, and that appellant failed to comply with the orders of his parole officer. The court indicated that appellant robbed a twelve-year-old boy who was soliciting funds for charity and threatened to harm him if he told anyone. Based on these observations, the trial court concluded that appellant "committed the worst form of th[e] offense" and posed "the greatest likelihood of committing offenses in the future."
Based on the foregoing, we find appellant's argument that the trial court did not consider the appropriate sentencing factors unpersuasive. The trial court stated that it considered the factors in R.C. 2929.12 and set forth its reasons for the imposition of the maximum sentence. We therefore find that trial court's sentencing of appellant to the maximum term of imprisonment was supported by clear and convincing evidence and was not contrary to law. Accordingly, appellant's first assignment of error is not well-taken.
Appellant argues in his second assignment of error that the trial court's sentence is against the "manifest weight of the evidence." We disagree. There is ample evidence in the record to support the sentence rendered by the trial court. Accordingly, appellant's second assignment of error is not well-taken.
On consideration whereof, the judgment of the Ottawa County Court of Common Pleas is affirmed. Costs assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., James R. Sherck, J., and Mark L. Pietrykowski,P.J., CONCUR.